SUGG, Justice.
Sanders was indicted under Mississippi Code Annotated section 97-29-45 (1972) for using obscene language .in a telephone conversation. He was convicted in the Circuit Court of Choctaw County and sentenced to two years in the penitentiary.
The indictment is, in part, as follows:
[D]id wilfully, unlawfully, and feloni-ously use profane, vulgar, indecent, threatening, obscene, and insulting language over the telephone, said profane, vulgar, indecent, threatening, obscene, and insulting language being “I Want You,” ....
The defendant demurred to the indictment and assigned as grounds the following:
1. The indictment charges no crime known to the law, and is, therefore, wholly void.
2. The language in the indictment “I want you” is neither profane, vulgar, indecent, threatening, obscene or insulting when used over the telephone.
The question of whether the indictment charges a crime is a question of law for decision by the court. In Spears v. State, 253 Miss. 108, 175 So.2d 158 (1965), this Court stated:
Whether the matter set out in the indictment is obscene or not is a question of law primarily for the court to decide as a matter of law. The court under the indictment in the case at bar could not have determined from the indictment whether or not the language was obscene, vulgar, indecent or insulting because it did not have the words before it to pass upon the question. (253 Miss, at 117, 175 So.2d at 162).
The demurrer was overruled and this action by the trial court is assigned as error. We hold that the demurrer should have been sustained because the words “I want you,” standing alone, are neither profane, vulgar, indecent, threatening, obscene nor insulting.
Reversed and appellant discharged.
GILLESPIE, C. J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.